United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-30232
Summary Calendar

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LEO LOSTON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:05-CR-50004
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Leo Loston appeals from the 300-month sentence imposed following his guilty plea to possession with the intent to distribute crack cocaine. He argues for the first time on appeal that his November 1986 drug trafficking conviction was not a qualifying conviction for purposes of the U.S.S.G. § 4B1.1 career offender provision.

Our review is for plain error only. See United States v. Villegas, 404 F.3d 355, 358 (2005). The career offender enhancement is to be made only if the prior offense occurred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within 15 years of the commission of the instant offense or if any part of the prior sentence was served during that same time period. U.S.S.G. § 4A1.2(e). Because there was insufficient information contained in the record from which the district court could have concluded that Loston's November 1986 qualified him for the career offender enhancement, the district court plainly erred in applying the enhancement. This error affected Loston's substantial rights and affected the fairness and integrity of the judicial proceedings. See United States v. Garza-Lopez, 410 F.3d 268, 275 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). The government agrees with Loston that his sentence should be vacated and remanded for resentencing.

Loston's sentence is VACATED, and the case is REMANDED for resentencing.